UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS DEARAUJO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PNC BANK, NATIONAL ASSOCIATION;<br>PNC MORTGAGE, A DIVISION OF PNC<br>BANK, et al.,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00981-MMD-PAL<br><br>ORDER<br><br>(Defs' Motion to Dismiss – dkt. no. 8) |

**I.    SUMMARY**

Before the Court is Defendants PNC Bank and PNC Mortgage's (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. no. 8.) For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

This case arises out of an alleged failure to modify a home loan. In December 2003, Plaintiff executed a Note secured by a Deed of Trust in favor of National City Mortgage ("Loan Agreement") for the real property located at 11585 Caldicot Drive, Las Vegas, Nevada 89138 ("the Property"). Thereafter, PNC National Bank Association ("PNC") acquired National City Mortgage and PNC acquired ownership of Plaintiff's Note and Deed of Trust.

In March 2009, the US Department of Treasury, on behalf of the federal government, introduced a loan modification program, commonly known as the "Home Affordable Modification Program" or HAMP. PNC was a HAMP participant and agreed with the Treasury to modify the mortgages of HAMP qualified consumers.

In late 2010, Plaintiff requested a loan modification. On January 30, 2011, PNC Mortgage (the internal administrative organization that services PNC loans) denied the request based on the determination that Plaintiff was an ineligible borrower due to income. Plaintiff, who was still current on his mortgage payments, resubmitted the modification request. On August 30, 2011, PNC again denied the requested modification asserting Plaintiff was an ineligible borrower based on a different income based standard. Plaintiff's representative found that PNC had incorrectly calculated Plaintiff's income under HAMP guidelines, and again requested reconsideration. On September 22, 2011, PNC again denied the request asserting that the modification would require excessive forbearance. Plaintiff was then at risk for losing the Property to a foreclosure sale.

Plaintiff asserts claims for breach of contract, breach of covenant of good faith and fair dealing and negligence. Defendants seek to dismiss the Complaint for failure to state a claim. Plaintiff opposed the Motion and sought leave to amend in the alternative.

### III. DISCUSSION

#### A. Legal Standard

##### 1. Rule 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations

must be enough to rise above the speculative level." *Id.* Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

## 2. Leave to Amend

After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent.

Fed. R. Civ. P. 15(a)(2).  The court has discretion to grant leave and should freely do so "when justice so requires."  *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.  *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense.  *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss.  *Id.* (quoting *Miller*, 845 F.2d at 214).  Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 679.  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 555.

Futility alone can justify the denial of a motion for leave to amend.  *Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004).  Leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).  "Where no colorable grounds exist to support a claim or defense, a motion to amend would be futile."  *Hines v. City of Albany*, 542 F. Supp. 2d 218, 224 (N.D.N.Y. 2008).  In general, no colorable grounds exist if the amendment is

not sufficient to withstand a motion to dismiss or a motion for summary judgment. *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987); *see also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (stating that an amendment is futile if it "could be defeated on motion for summary judgment").

**B.     Analysis**

**1.     Breach of Contract**

A breach of contract claim requires a plaintiff to show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage because of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919–20 (D. Nev. 2006) (*citing Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865). To create an enforceable contract there must be an "offer, acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

Here, dismissal is proper for two reasons. First, Plaintiff's Complaint amounts to nothing more than a bare recital of the elements of the claim without any supporting factual allegations. Second, while Plaintiff's opposition brief argues that the breached contract was "the promise that Defendants would consider Plaintiff's modification in accord with HAMP guidelines," Plaintiff's breach of contract claim in the Complaint refers exclusively to the "Loan" collectively defined as the "Note and Deed of Trust" and not any subsequent agreement to modify. The Court cannot look beyond the allegations made in the Complaint and the Complaint refers exclusively to a different agreement than what Plaintiff argues in his opposition brief. Plaintiff's Complaint essentially concedes default under the Loan Agreement, and thus Plaintiff, not Defendants, breached the Loan Agreement. Plaintiff's breach of contract claim is dismissed.

**2.     Breach of Covenant of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff bases his claim for breach of the implied covenant of good faith and fair dealing on an alleged breach of duty by Defendants when they failed to modify the loan and his alleged third-party beneficiary status under the HAMP agreement.

To establish a claim for contractual breach of the implied covenant of good faith and fair dealing, a plaintiff must allege the existence of a valid contract and a breach of the implied duty of good faith and fair dealing by performing in a manner that was unfaithful to the purpose of the contract.  *Perry v. Jordan*, 900 P.2d 335, 338; *see Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 923 (Nev. 1991).  A plaintiff must establish that the defendant intentionally breaches the intention and spirit of the agreement.  *Morris v. Bank of America*, 886 P.2d 454, 457 (Nev. 1994) (*citing Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 922-23 (Nev. 1991)).

Plaintiff's claim fails because (1) there was no enforceable contract between the parties requiring Defendant to modify the loan, (2) there was no duty to modify under the operative Loan Agreement, and (3) Plaintiff has failed to plead any plausible facts that Defendants breached the intention and spirit of the Loan Agreement.  Plaintiff has not pled facts showing that Defendants were under any obligation to grant a loan modification.

As for the HAMP contract, Plaintiff is not a third-party beneficiary with standing to allege breach of the HAMP contract.  Nevada courts have consistently rejected the argument that borrowers are third-party beneficiaries to the HAMP agreement between the US Treasury and banks.  *Tucker v. JPMorgan Chase Bank, N.A.*, no. 2-10-cv-00959-JCM-LRL, 2011 WL 280962 *4 (D. Nev. Jan. 25, 2011).

Plaintiff cannot plausibly state a claim for a contractual breach of the implied covenant of good faith and fair dealing.  Accordingly, this claim is dismissed.

### 3. Negligence

To bring a negligence claim in Nevada, a plaintiff must show that:  (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of the plaintiff's injuries; and (4) plaintiff was injured.  *Scialabba v. Brandise Constr.*, 921 P.2d 928, 930 (Nev. 1996).  Liability based on negligence does not exist without a breach of a duty.  *Bradshaw v. Blystone Equip. Co. of Nev.*, 386 P.2d 396, 397 (Nev. 1963).

Here, dismissal is proper for two reasons. First, Plaintiff's Complaint amounts to nothing more than a bare recital of the elements of the claim without any supporting factual allegations. Second, Plaintiff claims Defendants owed him a duty to "perform their professional services in a manner consistent with similarly situated professionals." However, Plaintiff's Complaint does not allege that Defendants' duty extend beyond their existing lender-borrower relationship. Plaintiff has not convinced the Court that Nevada law imposes a duty on lenders to modify a loan or undertake to do anything in response to a request for a loan modification. Plaintiff thus cannot bring an actionable negligence claim under Nevada law.

### 4. Leave to Amend

Plaintiff requests leave to amend the deficient Complaint without identifying which claims he seeks to amend claims or which additional facts would support the unidentified claims. The Court denies Plaintiff's request both on procedural and substantive grounds.

When seeking leave to amend a pleading, Local Rule 15-1 requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." Plaintiff has failed to attach a proposed amendment, and thus a grant of leave to amend is improper.

Moreover, amendment is futile here. As Plaintiff has failed to attach a proposed amendment, the Court assumes any amendment would be consistent with arguments made in Plaintiff's opposition and the Court considers factual assertions contained in the Opposition to determine whether to dismiss the Complaint with or without prejudice Plaintiff raised the alleged "loan modification consideration" contract for the first time in his opposition. Plaintiff argues that the parties entered into an enforceable contract when Defendants offered to consider a loan modification if Plaintiff provided certain financial documents and other information. Plaintiff allegedly accepted Defendants' offer and provided consideration by submitting all the financial information requested, which Plaintiff was not otherwise required to do. Accepting all factual allegations as true, Plaintiff has failed to show a valid offer and acceptance. If Plaintiff's request for a

modification amounts to an offer, Defendants' denial on January 30, 2011, constitutes rejection rather than acceptance. Similarly, Defendants rejected, rather than accepted, Plaintiff's second and third requests for modification. The facts show that the parties never came to an agreement or had a meeting of the minds as to the terms of the loan modification. Thus, the Court finds Plaintiff cannot establish the existence of a valid contract to modify Plaintiff's loan. Here, amendment would be futile because Plaintiff cannot allege any additional facts consistent with the Complaint to cure the deficiencies discussed above. Accordingly, the Court dismisses all three claims with prejudice.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED with prejudice.

IT IS FURTHER ORDERED THAT any Lis Pendens recorded by the Plaintiff in connection with this lawsuit be expunged, extinguished, and/or released.

The Clerk of the Court is ordered to close this case.

DATED THIS 15th day of November 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE